Mary G. DALTON, Individually and as Custodian for Robert A. Dalton, James T. Dalton and John A. Dalton Under the Uniform Gifts to Minors Act, Richard T. Dalton, Individually and as Custodian for Robert A. Dalton and James T. Dalton, Under the Uniform Gifts to Minors Act, Randy Dalton, Robert Fisher, Bonnie Fisher, Individually and as Custodian for Robert Cassett Fisher, Jacqueline Fisher, and Caroline Fisher Under the Uniform Gifts to Minors Act, Babette Louis, Irene and Babette Louis, Louis K. Cassett, Myrtle Cassett, Dorothy Cassett, Banner Finance of Houston, Inc., Banner Finance of Rossville, Inc., and Banner Finance of Dallas, Inc., Plaintiffs Below, Appellants,

v.

AMERICAN INVESTMENT COMPANY, A Delaware Corporation, and Robert J. Brockman, Earl R. Tweedie, Warren E. Van Norman, James D. Barnes, Erwin A. Stuebner, Norfleet H. Rand, Basil L. Kaufman, Henry R. Barber, Albert J. O'Brien, M. Moss Alexander, Jr., Charles A. Specht, Francis Peter Cundill, Patrick M. Donelan, Alan G. Johnson and Leucadia American Corp., A Delaware Corporation, Defendants Below, Appellees.

Supreme Court of Delaware.
Submitted Nov. 14, 1985.
Decided Dec. 30, 1985.

Bruce M. Stargatt (argued) and David C. McBride of Young, Conaway, Stargatt & Taylor, Wilmington, and Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., of counsel, for plaintiffs below, appellants.

David A. Drexler (argued) of Morris, Nichols, Arsht & Tunnell, Wilmington, for American Inv. Co. and individual defendants, defendants below, appellees.

R. Franklin Balotti (argued) of Richards, Layton & Finger, Wilmington, and Dennis

J. Block, Sanford F. Remz and Stephen A. Radin of Weil, Gotshal & Manges, New York City, of counsel, for Leucadia American Corp., defendant below, appellee.

Before McNEILLY, HORSEY and MOORE, JJ.

This appeal is from a decision of the Court of Chancery in favor of defendants in an action by certain preference stockholders seeking to enjoin the merger of American Investment Company (AIC) and Leucadia American Corp. (Leucadia American), a subsidiary of Leucadia, Inc. (Leucadia), and, after a request for preliminary injunction was denied, claiming money damages.

The essence of appellants' claim is that the AIC Board of Directors, all of whom were common stockholders of AIC and a majority of whom represented the largest common stockholders of AIC, breached the fiduciary duties of AIC and the Board members, by conducting negotiations with Leucadia with the purpose and effect of maximizing the per share return to the common stockholders to the exclusion of the preference shareholders who were unfairly frozen in as shareholders in the surviving corporation.

The factual findings of the Chancellor are set forth in great detail in the Court's reported opinion. *Dalton v. American Investment Company*, Del.Ch., 490 A.2d 574 (1985). The Chancellor's findings clearly are supported by the record. We adopt those findings and conclusions drawn therefrom as if they were our own. The Chancellor's excellent opinion is a model of thoroughness and clarity. To the extent the issues on appeal are issues of law, the issues are the same as were raised in the Court of Chancery and are controlled by settled Delaware law. To the extent the issues on appeal are matters of judicial discretion, there appears no abuse of that discretion. Therefore, for the reasons stated in the opinion of the Court of Chancery, we AFFIRM.